UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MAURICIO RAMOS MALPICA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1989

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on July 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on July 9, 2026, (ECF No. 4.) Petitioner filed a reply on July 14, 2026. (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela (Pet., ECF No. 1, PageID.1.). On February 2, 2024, the Department of Homeland Security (DHS) paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5) until February 4, 2026. (Form I-94, ECF No. 4-3, PageID.31 (indicating that Petitioner's "Class of Admission" is "DT"[1]).) On June 4, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 4-6, PageID.45.)

Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[2]

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[1]    *See* United States Citizenship and Immigration Services Guidance Website, https://www.uscis.gov/save/current-user-agencies/guidance/faqs-on-the-effect-of-changes-to-parole-and-temporary-protected-status-tps-for-save-agencies (under "Non-Categorical Parole" heading, select "What does 'Non-Categorical Parole' mean?") ("Aliens who are outside of the United States may request to be paroled into the United States based on urgent humanitarian reasons or a significant public benefit. These aliens are not paroled into the United States under a categorical parole program or process. Often, the Class of Admission (COA) for these aliens is 'DT' though other parole related COAs may have been used.").

[2] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

## IV.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Petitioner first challenges his detention, contending that his parole under 8 U.S.C. § 1182(d)(5)(A) was valid at the time of his June 4, 2026, arrest and Respondents did not follow the applicable regulations to terminate or revoke Petitioner's parole. (*See* Pet., ECF No. 1, PageID.4–5.)

The record before the Court indicates that Petitioner was paroled into the United States for a period of two years, until February 4, 2026. (Form I-94, ECF No. 4-3, PageID.31.) Petitioner has not provided the Court with any evidence to suggest otherwise.

To terminate previously granted parole 8 U.S.C. § 1182(d)(5)(A), DHS must comply with the applicable regulatory and statutory requirements. *See Norfolk S. Ry. Co. v. U.S. Dep't of Lab.*, No. 21-3369, 2022 WL 17369438, at *6 (6th Cir. Dec. 2, 2022) (discussing that "an agency's action that fails to observe the procedures required by its own regulations should be set aside" (citation omitted)); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) ("It is an elemental principle of administrative law that agencies are bound to follow their own regulations[,] . . . [and] '[a]n agency's failure to follow its own regulations tends to cause unjust discrimination and deny adequate notice and consequently may result in a violation of an individual's constitutional right to due process.'" (additional internal quotation marks omitted) (quoting *Sameena, Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998))). 8 C.F.R. § 212.5(e)(2)(i), which governs the "[t]ermination of parole," states:

> In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.

8 C.F.R. § 212.5(e)(2)(i). *v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *5–7 (E.D. Mich. Oct.

29, 2025) (same); *E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 2938594, at *10 (N.D. Ohio Oct.

16, 2025) (same).

However, "paragraph (e)(1)" provides for the automatic termination of parole as follows:

Parole shall be automatically terminated without written notice

(i) upon the departure from the United States of the alien, or,

(ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

8 C.F.R. § 212.5(e)(1). Here, "the time for which parole was authorized" expired prior to

Petitioner's arrest. Therefore, the "procedural protections attendant to [the revocation of

§ 1182(d)(5)(A) parole]," including "written notice," did not apply at the time of Petitioner's arrest

and detention.

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit Court of

Appeals in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that

§ 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. [3]

## B.    Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or

property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit

Court of Appeals explained:

Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of

---

[3] Additionally, for the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States.

the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 175 F.4th at 732. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## V.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v.*

*Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[4] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if

---

[4] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

6

and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:  July 22, 2026                    /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge